
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ARLAN MOSS and LONGVIEW FARM, LLP, | CIV 08-4085 |
| Plaintiffs, | |
| vs. | |
| HONORABLE WILLIAM BOSSMAN, Chief Judge, Yankton Sioux Tribal Court; YANKTON SIOUX TRIBAL COURT; LEONARD R. HETH, Yankton Sioux Tribal Employee Rights Office; ADELBERT MICHAEL ZEPHIER, JR., a member of the Yankton Sioux Tribe; ROBERT COURNOYER, JOHN STONE, LEO O'CONNOR, FRANCES HART, GARY DRAPEAU, DENNIS RUCKER, BASIL HETH, GREG ZEPHIER, JR., and JODY ALLEN ZEPHIER, in their official capacity as officers of the Yankton Sioux Tribe, and as members of the Business and Claims Committee of the Yankton Sioux Tribe; and the YANKTON SIOUX TRIBE, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs, Arlan Moss and Long View Farm, LLP, sued Defendants, the Honorable Williams Bossman, Chief Judge, Yankton Sioux Tribal Court; Yankton Sioux Tribal Court; Leonard R. Heth, Director, Yankton Sioux Tribal Employee Rights Office, Adelberto Michael Zephier, Jr., a member of the Yankton Sioux Tribe; Robert Cournoyer, John Stone, Leo O'Connor, Frances Hart, Gary Drapeau, Dennis Rucker, Basil Heth, Greg Zephier, Jr., and Jody Allen Zephier in the official capacity as officers of the Yankton Sioux Tribe, and as members of the Business and Claims Committee of the Yankton Sioux Tribe, and the Yankton Sioux Tribe, seeking declaratory and injunctive relief. Specifically, Plaintiffs contest the following efforts by Defendants to assert tribal jurisdiction over

non-member Defendants and over the farrowing confinement unit that Plaintiffs were constructing on land outside the boundaries of the Yankton Sioux Reservation: (1) a petition filed by Yankton Sioux Tribe against Plaintiffs and the employees, agents, representatives, contractors, and vendors of Longview Farm, LLP, for an *ex parte* emergency exclusion and removal order which was granted *ex parte* by the Honorable William Bossman, Chief Judge, Yankton Sioux Tribal Court; (2) an action initiated in Yankton Sioux Tribal Court by Defendant, Director of the Tribal Employment Rights Ordinance Commission, Leonard R. Heth, claiming at least Three Hundred Fifty-Five Thousand Dollars ($355,000.00) in tribal sanctions since April 7, 2008, and expressly directing Plaintiffs to stop all operations with respect to the farrowing confinement unit; and (3) a *pro se* petition filed by Adelberto Michael Zephier, Jr. against "Lyndon Moss and fellow Investors of Longview Farms, LLC and Castle Construction," praying for an "Injunction to Stop All further construction of the buildings at Longview Farms (sic) jobsite."

At the present time, the farrowing confinement unit has been fully constructed and is in operation. (Doc. 59.)

Currently pending before the Court are the following motions: (1) Motion to Dismiss by Honorable William Bossman and by Yankton Sioux Tribal Court, Doc. 32; (2) Motion to Dismiss by Robert Cournoyer, John Stone, Leo O'Connor, Frances Hart, Gary Drapeau, Dennis Rucker, Basil Heth, Greg Zephier, Jr., Jody Allen Zephier, Yankton Sioux Tribe, Doc. 34; (3) Motion for Default Judgment as to Leonard R. Heth by Arlan Moss, Longview Farm, LLP, Doc. 42; (4) Motion for Default Judgment as to Adelbert Michael Zephier, Jr. by Arlan Moss, Longview Farm, LLP, Doc. 45; (5) Motion to Dismiss by Leonard R. Heth, Doc. 55. The Court will address the merits of each motion in turn.

I. **Motions to Dismiss by Honorable William Bossman; Yankton Sioux Tribal Court; Robert Cournoyer, John Stone, Leo O'Connor, Frances Hart, Gary Drapeau, Dennis Rucker, Basil Heth, Greg Zephier, Jr., Jody Allen Zephier, in their official capacity as**

**officers of the Yankton Sioux Tribe, and as members of the Business and Claims Committee of the Yankton Sioux Tribe; and the Yankton Sioux Tribe. (Docs. 32, 34.)**

**Background**

On April 14, 2008, Defendant, Yankton Sioux Tribe, filed an *ex parte* Petition for Emergency Removal and Exclusion against Plaintiffs, its Employees, Agents, Representatives, Contractors and Vendors in Yankton Sioux Tribal Court. The filing of the Petition was allegedly authorized by the Yankton Sioux Tribal Business and Claims Committee, which is the governing Committee of the Yankton Sioux Tribe. (Compl. ¶¶ 11-12.) In its Petition, the Tribe stated that "[p]ursuant to Sec. 10-1-5 of the Yankton Sioux Tribe's Exclusion and Removal Code, the Yankton Sioux Tribe submits that there is an immediate need to order the exclusion and/or removal of [the parties listed in the Petition] from the reservation" and that any notice of hearing would cause a "delay that would be seriously detrimental to the interest of the Tribe, its members, and other residents of the reservation." No further grounds for the removal order were stated in the Petition although Defendant indicated that further grounds for such exclusion and removal would be set forth in a subsequent brief in support of the petition "which shall be later and separately filed."

That same day, Chief Judge William Bossman of the Tribal Court ordered, *ex parte*, that Plaintiffs be "immediately excluded and removed from the Yankton Sioux Reservation." The Order found that prior notice would have caused delay "seriously detrimental to the interest of the Tribe, its members, and other residents of the Yankton Sioux Reservation," but concluded that once Plaintiffs "have complied with the Order and removed themselves from and have not further entered the Yankton Sioux Reservation," that Plaintiffs could petition the court for a hearing to reconsider the order and "that they may be allowed safe conduct to specially appear at such hearing represented by counsel and present evidence in their defense, as allowed by the Yankton Sioux Tribe's Exclusion and Removal Order."

On April 22, 2008, Plaintiffs filed in tribal court a Motion to Vacate and/or Hold in Abeyance

3

the Emergency Exclusion and Removal Order, as well as a Motion to Deny or Dismiss Emergency Petition for Exclusion and Removal. In these motions, Plaintiffs essentially contend that the Tribal Court has no jurisdiction to enter the emergency order for exclusion and removal since settled case law provides that tribes lack civil jurisdiction over the activities or conduct of non-Indians accruing outside the reservation.

Defendant, Yankton Sioux Tribe, subsequently responded in Tribal Court by filing a brief in response to Plaintiffs' Motion to Vacate and/or Hold in Abeyance Emergency Exclusion and Removal Order and to Plaintiffs' Motion to Deny or Dismiss Emergency Petition for Exclusion and Removal. In their brief, the Tribe states that it "is not asserting its Exclusion and Removal Order beyond the Yankton Sioux Reservation as defined by both federal law and the recent Order of Judge Piersol in the *Yankton Sioux Tribe v. Podhrasky* case." Defendant also claims therein that Plaintiffs are:

> Doing or threatening to do any act upon the Reservation which seriously threatens the peace, health, safety, morals or general welfare of the Tribe, its members, or other persons living on the Reservation, Section 10-1-3(H), Yankton Sioux Tribal Law and Order Exclusion and Removal Code; or

> Doing or threatening to do any act upon the Reservation which seriously threatens the environment of the land, water, natural resources, air, or any other natural land or topographical feature on the Reservation or which would in any way threaten the environmental quality of life for the Tribe, its members, or other persons living on the Reservation. Section 10-1-3(I) of the Yankton Sioux Tribal Law and Order Exclusion and Removal Code.

Finally, Defendant indicated in its response, a desire to convert the emergency exclusion and removal order into an order for permanent exclusion.

Plaintiffs responded to Defendant Yankton Sioux Tribe's response by filing, by Special Appearance, a reply brief. To date, Plaintiffs have not received any additional Order from the Tribal

4

Court. As a result, a final order has not been issued by the Yankton Sioux Tribal Court on the petition for exclusion and removal nor has an appeal on this matter been heard in the Northern Plains Court of Appeals.

On June 17, 2008, Plaintiffs filed a Complaint in the United States District Court for the District of South Dakota, Southern Division alleging that the Yankton Sioux Tribal Court lacks jurisdiction to issue an order for exclusion and removal against Plaintiffs since tribes may not regulate the activities or conduct of non-Indians accruing outside their reservations. For this same reason, Plaintiffs allege that the individual Business and Claims Committee members named therein have "acted beyond the scope of their official capacity as Yankton Sioux Tribal Business and Claims Committee members . . . by authorizing the filing of Emergency Petition for Exclusion and Removal." (Compl. ¶ 12.). Plaintiffs contend that because jurisdiction is clearly lacking in Yankton Sioux Tribal Court, they are not required to first exhaust remedies in Tribal Court before filing a motion in federal district court contesting jurisdiction.

On July 14, 2008, Defendants, the Honorable William Bossman and Yankton Sioux Tribal Court, filed a motion to dismiss Plaintiffs' Complaint for Declaratory Judgment and Permanent Injunction in its entirety, on the following grounds: (1) lack of subject matter jurisdiction, (2) failure to exhaust tribal court remedies, (3) the doctrines of sovereign and judicial immunity; and (4) failure to state a claim upon which relief may be granted. (Doc. 32.) On that same day, Defendants Robert Cournoyer, John Stone, Leo O'Connor, Frances Hart, Gary Drapeau, Dennis Rucker, Basil Heth, Greg Zephier, Jr., Jody Allen Zephier, in their official capacity as officers of the Yankton Sioux Tribe, and as members of the Business and Claims Committee of the Yankton Sioux Tribe as well as the Yankton Sioux Tribe filed a motion to dismiss Plaintiffs' Complaint on the same grounds. (Doc. 34.)

**Discussion**

    A. Motion to Dismiss by Honorable William Bossman, Yankton Sioux Tribal Court, Doc. 32

Plaintiffs request various types of rulings by declaratory relief against the Defendant "Honorable William Bossman, Chief Judge, Yankton Sioux Tribal Court." Chief Judge Bossman is sued in his official capacity only. Plaintiffs claim that this Court must accept as true, for purposes of Defendant Bossman's Motion to Dismiss, that Bossman exceeded his judicial authority since Plaintiffs are the non-moving party on that Motion. If that were all of the pleadings, that would be so. However, beyond that bare claim there are attached to Plaintiffs' Complaint other documents which demonstrate that the judge was acting within the normal scope of his judicial office. The judge may have been incorrect in the documents he entered as Chief Judge, but there are other courses of recourse than this one attempted by Plaintiffs. Chief Judge Bossman's Motion to Dismiss is granted as the acts of the Defendant Judge were within the course of his judicial duties. The claims against Chief Judge Bossman are dismissed with prejudice upon the basis of absolute judicial immunity.

The Yankton Sioux Tribal Court has also moved to dismiss Plaintiffs' Complaint, primarily upon the basis that the Yankton Sioux Tribal Court as an entity is entitled to absolute judicial immunity. The Tribal Court seeks to distinguish *Hornell Brewing Co. v. Rosebud Sioux Tribal Court*, No. 96-3028 (D.S.D. filed Dec. 3, 1996), *vacated*, *Hornell Brewing Co. v. Rosebud Sioux Tribal Court*, 133 F.3d 1087 (8th Cir. 1998), by pointing out that sovereign immunity was apparently not raised as a defense.

There can be federal court jurisdiction over a tribal court. *Nevada v. Hicks*, 533 U.S. 353, 369, 121 S.Ct. 2304, 2315, 150 L.Ed.2d 398 (2001) (discussing exceptions to tribal court exhaustion requirement); *Strate v. A-1 Contractors*, 520 U.S. 438, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997), *Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). Whether to exercise that jurisdiction can depend upon not only issues of comity and observance of tribal sovereign immunity considerations but also traditional jurisdiction issues.

If the Tribal Court attempted to regulate the conduct of non-members off of the Yankton Sioux Reservation as the Court has determined the reservation exists, then a different situation would


6

be presented. This Court will not presume that the Tribal Court or the Yankton Sioux Tribe were attempting to regulate the conduct of non-members off of the reservation. The pleadings in the present case do not present issues challenging the legislative or judicial authority of the Tribe or the Tribal Court to have jurisdiction over non-members within reservation boundaries on civil matters with respect to "the political integrity, the economic security, or the health or welfare of the tribe," *Montana v. United States*, 450 U.S. 544, 566, 101 S.Ct. 1245, 1258, 67 L.Ed.2d 493 (1981). This court recognizes that the even though the Yankton Sioux Tribe for purposes of this litigation must honor the reservation boundaries as established in *Podhrasky*, the Yankton Sioux Tribe on its current appeal from this Court's decision in *Podhradsky* does not agree with the reservation boundaries as determined by this Court.

Since there is not *Montana* issue presented and since the Tribal Court is not attempting to exercise jurisdiction over non-members outside of reservation boundaries, the claims against the Tribal Court will be dismissed without prejudice. Since no valid claim was presented, the immunity defense is not addressed.

B. Motion to Dismiss by Robert Cournoyer, John Stone, Leo O'Connor, Frances Hart, Gary Drapeau, Dennis Rucker, Basil Heth, Greg Zephier, Jr., Jody Allen Zephier, in their official capacity as officers of the Yankton Sioux Tribe, and as members of the Business and Claims Committee of the Yankton Sioux Tribe; and the Yankton Sioux Tribe, Doc. 34.

On April 11, 2008, the Yankton Sioux Tribe through its attorneys, filed an "Emergency Petition for Exclusion and Removal" with the Yankton Sioux Tribal Court. The Tribal Court entered an "Emergency Exclusion and Removal Order" ordering Respondents "to be immediately excluded from and removed from the Yankton Sioux Reservation. . ." and ordering service of notice of the action. It is not clear what the Tribal Court considered to be the boundaries of the Yankton Sioux Reservation. This Court in *Yankton Sioux Tribe v. Gaffey*, No. 98-4042 (D.S.D. filed Dec. 19, 2007) determined that the Yankton Sioux Reservation as diminished is a checkerboard reservation. That

decision is currently on appeal. Counsel for the Yankton Sioux Tribe has recognized in Document 35, page 12, filed July 14, 2008, that "[t]he Tribal Removal and Exclusion Order does not seek to remove and exclude the Plaintiffs from their hog farm facility on deeded land outside of the present Yankton Sioux Reservation as it has been defined by this Court." The Yankton Sioux Tribe is of course bound by that statement of position. In addition, in the case of *Yankton Sioux Tribe Head Concerned Parents v. Longview Farm, LLP.*, Civ. 08-4058, this Court held a hearing on June 19, 2008, regarding a motion for immediate injunctive relief and restraining order. The Court determined at the hearing after hearing testimony and receiving evidence, that the hog confinement facility was located on non-Indian owned fee land that was not a part of the reservation.

As a result, there is no federal question presented to this Court at this time as to Petitioners' claims against the Yankton Sioux Tribe and Robert Cournoyer, John Stone, Leo O'Connor, Francis Hart, Gary Drapeau, Dennis Rucker, Basil Heth, Greg Zephier, Jr., and Jody Allen Zephier, in their official capacities as officers of the Yankton Sioux Tribe, and as members of the Business and Claims Committee of the Yankton Sioux Tribe. There must be something more than a bare claim that the Yankton Sioux Tribe was acting in concert with some unknown demonstrators on a road to bring the Tribe and its officials into federal court. The motion to dismiss is granted for failure of the pleadings to state a claim. The dismissal is without prejudice as subsequent actions between the parties could present other issues that could give rise to a claim.

**II.  Motion for Default Judgment Against Defendant, Leonard R. Heth, Doc. 42; Motion to Dismiss by Leonard Heth and Yankton Sioux Tribal Employment Rights Office, Doc. 56.**

**Background**

On April 8, 2008, Leonard R. Heth, the Director of the Yankton Sioux Tribal Employee Rights Commission ("Commission") issued a letter to Defendant, Long View Farm, LLP stating that the facility had seven days to "register all contractors working on the Concentrated Animal Feed

Operation located as stated above, pay your TERO Fee, and come into compliance with the Yankton Sioux Tribal Employee Rights Ordinance (TERO) and submit all permits and licenses to this office."

On April 16, 2008, Leonard R. Heth, on behalf of the Commission filed a petition with the Yankton Sioux Tribal Court which alleged that Longview Farm, LLP had failed to comply with the provisions laid out in the April 8, 2008 letter of non-compliance and accordingly sought to impose the following sanctions: (1) Denying the right to commence or continue business inside or near the Yankton Sioux reservation; (2) Suspending all operations inside the Yankton Sioux Tribe; (3) Ordering payment and back pay and damages to compensate any injured party; (4) Imposing monetary civil penalties of five thousand dollars $5,000.00 per day for each day not in compliance effective to day commencing operations; (5) Authorizing tribal police to confiscate equipment and property until Long View Farms, LLP comes into compliance and pays outstanding monetary damages.

The Commission also issued a letter that same day to Longview Farm, LLP ordering that the facility stop all operations and immediately come into compliance with the Tribal Employee Rights Ordinance. The letter further informed Long View Farm that the Commission would impose a five thousand dollar ($5,000.00) sanction against the organization for each day it is not in compliance with the Tribal Employee Rights Ordinance, effective the date of the initial letter.

On June 17, 2008, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief and on July 1, 2008, the Commission voluntarily dismissed its petition pending in Tribal Court. The petition was dismissed without prejudice.

On August 12, 2008, Plaintiffs filed a Motion for Default Judgment Against Defendant Leonard R. Heth. (Doc. 42.) In their brief in support of this motion, Plaintiffs state that on June 23, 2008, Defendant, Leonard R. Heth, was served with the Summons and Complaint for Declaratory Judgment and Permanent Injunction. Plaintiffs alleged that because Defendant Heth has failed to file an answer or otherwise respond to Plaintiffs' Complaint, that Plaintiffs' Motion for Default Judgment Against Defendant Heth should be granted pursuant to Federal Rule of Civil Procedure 55(a).

Plaintiffs further state that their claims for declaratory and injunctive relief against Heth and the Commission are not moot despite the fact the petition is no longer pending in Tribal Court. Specifically, Plaintiffs argue that because the petition was dismissed without prejudice, Defendant Heth "could file the same Petition again in Tribal Court and allege the same $5,000.00 per day fine going back until the date first listed in his original Petition." Accordingly, Plaintiffs request a judgment from this Court finding that Plaintiffs' land is on fee land outside the current boundaries of the Yankton Sioux Reservation and therefore outside the jurisdiction of Defendant Heth and the Commission. Plaintiffs seek a permanent injunction against Defendant Heth and the Commission enjoining them from attempting to regulate the activities of Plaintiffs. Plaintiffs also request a judgment that Defendant Heth and the Commission has no jurisdiction to impose a fine upon Plaintiffs for their use of the Marty Road, which Plaintiffs alleges is a county road that must remain open to the public and is outside the jurisdiction of Defendant Heth and the Commission.

On September 4, 2008, Defendants, Tribal Employee Rights Commission and its individually named official, Leonard R. Heth, moved for dismissal of claims against them as stated in Plaintiffs' Complaint on the following grounds: (1) Lack of subject matter jurisdiction; (2) Failure to exhaust tribal court remedies; (3) Doctrine of sovereign immunity; (4) Failure to state a claim upon which relief may be granted; (5) Mootness on account of the fact that the petition has been dismissed in Tribal Court upon motion of the Commission and Leonard Heth.

## Discussion

The Court finds that Plaintiffs' claims against Leonard R. Heth and the Commission are moot. The Commission voluntarily dismissed its petition in Tribal Court on July 1, 2008. Plaintiffs claim that they are entitled to relief given the fact that the petition was dismissed without prejudice and Defendants "could file the same Petition again in Tribal Court and allege the same $5,000.00 per day fine going back until the date first listed in his original Petition," is mere speculation and is not the basis for a claim. Accordingly, the motion to dismiss is granted and the claims are dismissed without prejudice.

### III. Motion for Default Judgment Against Defendant Adelbert Michael Zephier, Jr., Doc. 45.

Defendant, Adelbert Michael Zephier, Jr. is a member of the Yankton Sioux Tribe and has filed in the Yankton Sioux Tribal Court a *pro se* petition "against Lyndon Moss and fellow Investors of Longview Farms, LLC and Castle Construction," asking for an "Injunction to Stop all further construction of the buildings at Longview Farms (sic) jobsite." No action was taken by the Tribal Court on this request.

The record does not reflect that Adelbert Michael Zephier, Jr. is or is not related to Defendants Greg Zephier, Jr. or Jody Allen Zephier. Due to other litigation of record in this Court, the Court is familiar with the fact that Zephier is a common name among members of the Yankton Sioux Reservation.

On August 12, 2008, Plaintiffs filed a Motion for Default Judgment Against Defendant Adelbert Michael Zephier, Jr. (Doc. 45.) In their brief in support of this motion, Plaintiffs state that on June 28, 2008, Defendant, Adelbert Michael Zephier, Jr., was served with the Summons and Complaint seeking, in part, to hold in abeyance Zephier's Petition in Tribal Court for an injunction against Plaintiffs to stop all further construction on the farrowing confinement facility. Plaintiffs allege that because Defendant Zephier has failed to file an answer or otherwise respond to Plaintiffs' Complaint, that Plaintiffs' Motion for Default Judgment Against Defendant Zephier should be granted pursuant to Federal Rule of Civil Procedure 55(a).

The Court notes that even if the default is granted as to the requested declaratory judgment, no answer to the requested declaratory judgment would be provided.

As an individual, Adelbert Michael Zephier, Jr. has a right to access the Yankton Sioux Tribal Court, especially so since it appears that he is a member of the Yankton Sioux Tribe as service was

made personally upon him at "Unit #2, Yankton Sioux Tribal Elderly Housing, Marty, S.D." (Doc. 45-2.) Even if Adelbert Michael Zephier Jr. was incorrect in the relief he requested of the Tribal Court, he has a right to access that Court. Accordingly, no claim is alleged against Adelbert Michael Zephier, Jr. that gives rise to jurisdiction in this Court. As a result, the Court declines to enter a default judgment as no claim has been made against this Defendant which gives rise to jurisdiction in this Court. The claim is dismissed without prejudice.

For the foregoing reasons, it is hereby ORDERED:

(1) Motion to Dismiss by Honorable William Bossman, Chief Judge of the Yankton Sioux Tribal Court, Doc. 32, is GRANTED. The claims as to this Defendant are DISMISSED with prejudice. The dismissal as to the Yankton Sioux Tribal Court is without prejudice.

(2) Motion to Dismiss by Robert Cournoyer, John Stone, Leo O'Connor, Frances Hart, Gary Drapeau, Dennis Rucker, Basil Heth, Greg Zephier, Jr., Jody Allen Zephier, in their official capacity as officers of the Yankton Sioux Tribe, and as members of the Business and Claims Committee of the Yankton Sioux Tribe; and the Yankton Sioux Tribe, Doc 34, is GRANTED. All claims as to these Defendants are DISMISSED without prejudice.

(3) Motion Default Judgment Against Defendant, Leonard R. Heth, Doc. 42, is DENIED as moot.

(4) Motion to Dismiss by Leonard Heth and Yankton Sioux Tribal Employment Rights Office, Doc. 55, is GRANTED. All claims as to these Defendants are DISMISSED without prejudice.

(5) Motion for Default Judgment Against Defendant Adelbert Michael Zephier, Jr., Doc. 45, is DENIED. All claims as to this Defendant are DISMISSED without prejudice.

(6) Plaintiffs request for attorney fees and costs is DENIED. No statutory or other basis has been shown for awarding attorney fees and costs.

Dated this 21st day of March, 2009.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY *[signature]*
DEPUTY